**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:18-CR-00027-JCB** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DAN VONSHEY ROQUEMORE,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 22, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Dan Roquemore. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, federal public defender.

Defendant originally pled guilty to the offense of Felon In Possession of A Firearm and Ammunition, a Class C felony. This offense carried statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and criminal history category of VI, was 63 to 78 months. On November 15, 2018, U.S. District Judge Thad Heartfield sentenced Defendant to 70 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, acquire GED, and substance testing and treatment. On March 1, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated

1

his conditions of supervised release on June 21, 2023, when Defendant was arrested in Panola County for allegedly committing the offense of Possession of Controlled Substance I/I-B <1G.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged by the government, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months, though the statutory maximum is 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 18 months imprisonment, with no supervised release to follow. The sentence recommended by the government is slightly below the advisory guideline range. The Court finds such a downward departure appropriate because the allegation to which the Defendant pled true resulted in a state sentence the Defendant is currently serving. Upon returning to state custody, Defendant will have an additional three months to serve on his state sentence followed by 18 months of a federal supervised release sentence effectively resulting in a 21 month sentence.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to 18 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas or FCI Texarkana, Texas. The court further **RECOMMENDS** drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 22nd day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE